FILED
97 JUN -6 PM 3: 20
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 6 1997

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| MICHAEL CHANDLER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CV 96-PT-1000-M |
| ) | |
| DEKALB COUNTY SCHOOL ) | |
| BOARD, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

In a Memorandum opinion filed on April 7, 1997, this court concluded that the real issue in this case is whether Superintendent Parrish was substantially motivated not to name plaintiff to principal position(s) because of plaintiff's statements regarding religious practices in the schools. The court recognized that any such motivation might result from Parrish's personal hostility or from his succumbing to the influence of others hostile to plaintiff because of his statements and opinions.

The court directed the plaintiff to "point to <u>specific, substantial admissible</u> evidence which could create a reasonable inference that <u>Parrish</u> was so motivated or so influenced." The court further directed that "Any such submission will be by highlighting of specific evidence in attached excerpts in the record, not paraphrasing, innuendo or argument."

1

The court has carefully considered the plaintiff's submission in response to the court's direction.[1] Rather than support plaintiff's position, the absence of any substantial evidence in the excerpts tends to belie his position. In effect, plaintiff suggests that since he complained of earlier practices, most of which, if not all, had apparently been abolished or abandoned, his failure to obtain a principal position must have been based on retaliation.

In effect, plaintiff argues that since community members <u>could</u> have influenced the decision, they <u>did</u> influence the decision. Much of what plaintiff suggests as evidence is, in actuality, simply in the form questions asked by plaintiff which are either not answered or are answered in the negative.

In essence, plaintiff's claim follows this pattern:

(1) When Parrish was a principal, he and plaintiff had differences with regard to certain religious practices, including some which have been abolished or abandoned.

(2) Plaintiff, like other assistant principals, didn't get a principal job.

(3) Since it was known in the community that plaintiff was perhaps an atheist and had opposed religious practices in the school; and since community members <u>could have</u> opposed his appointment for such a reason, they likely <u>did</u>; and that Parrish was likely influenced by this opposition.

---

[1]The handwritten notes are those of the court.

2

The court concludes that a jury could only speculate on plaintiff's premise. There is no substantial evidence which creates a reasonable inference of discrimination. The fact that something could have happened is not evidence that it did happen. The motion will be granted.

This \_\_\_5TH\_\_\_ day of June, 1997.


ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE